# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| Amy McCoy, <br><br>             Plaintiff, <br>   v. <br><br> Portfolio Recovery Associates, L.L.C.; and DOES 1-10, inclusive, <br><br>             Defendants. | Civil Action No.: 2:15-cv-02174 <br><br> **COMPLAINT** |

For this Complaint, Plaintiff, Amy McCoy, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      Plaintiff, Amy McCoy ("Plaintiff"), is an adult individual residing in Cerro Gordo, Illinois, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Portfolio Recovery Associates, L.L.C. ("PRA"), is a Virginia business entity with an address of 120 Corporate Boulevard, Norfolk, Virginia 23502, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by PRA and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined

as parties once their identities are disclosed through discovery.

7. PRA at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to Home Shopping Network (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to PRA for collection, or PRA was employed by the Creditor to collect the Debt.

11. PRA attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. PRA Engages in Harassment and Abusive Tactics**

12. On or about January 21, 2015, PRA began contacting Plaintiff in an attempt to collect the Debt.

13. During the initial conversation, Plaintiff asked PRA to send her a letter regarding the Debt because she had not received one. PRA refused, telling Plaintiff that a letter had already been sent to her.

14. Plaintiff asked PRA for the address to which the letter had been sent and PRA provided Plaintiff with her old address. Plaintiff provided PRA with her new address so that it could send her a letter regarding the Debt.

15. Nevertheless, Plaintiff did not receive a letter from PRA.

16. In addition, during a subsequent conversation a different PRA collector told

Plaintiff that the letter was initially sent to Plaintiff's current address, not her previous address. However, PRA did not possess Plaintiff's current address until she provided it during the previous phone conversation.

17. To date, Plaintiff has not received any letters or correspondence from PRA regarding the Debt.

### C. **Plaintiff Suffered Actual Damages**

18. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

19. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

22. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

23. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

24. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

25. Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff a letter regarding the Debt within five days of its initial contact with Plaintiff.

26. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

27. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT
## 225 ILCS 425/1, *et seq.*

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

29. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

30. Portfolio Recovery Associates, L.L.C., in the regular course of business, engages in debt collection and is a "collection agency" as defined by 225 ILCS 425/2.02.

31. Defendants' conduct violated 225 ILCS 425/9(a)(31) in that Defendants engaged in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.

32. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the Illinois Collections Agency Act, including every one of the above-cited provisions.

33. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendants as follows:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. All available damages pursuant to 225 ILCS 425/1;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 13, 2015

Respectfully submitted,

By  */s/ Sergei Lemberg*

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff